IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KERRY ANDERSON and DIANE ANDERSON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-13-1448 |
| | § | |
| J.P. MORGAN CHASE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending in this case that has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) is Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss for Failure to State a Claim (Document No. 4). Having considered Defendant's Motion to Dismiss, Plaintiffs' Response in opposition (Document No. 5), Defendant's Reply (Document No. 7), the allegations in Plaintiffs' state court pleading, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Dismiss (Document No. 4) be GRANTED and Plaintiffs' claims DISMISSED pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim.

## I. Background and Procedural History

On April 2, 2013, Plaintiffs Kerry Anderson and Diane Anderson ("the Andersons") initiated this suit in the 400th District Court of Fort Bend County, Texas, Cause No. 13-DCV-205251, complaining about the scheduled foreclosure on their residence. In their state court "First Amended Plaintiffs' Original Petition and Application for Temporary Restraining and Injunctive Relief" (referred to hereafter as "the Andersons' Pleading"), the Andersons alleged that they obtained a

mortgage loan from Kingston Mortgage Company in 2006, for the property located at 8415 Kelsey Pass, Missouri City, Texas 77459; that between 2007 and January 2008, the note was transferred to Defendant JPMorgan Chase ("Chase"), which became the note holder and mortgage servicer; that they contacted Chase in 2010 about a possible loan modification; that they filed a Chapter 13 bankruptcy proceeding in January 2011, and pursuant to a bankruptcy plan approved of and confirmed by the bankruptcy court, they paid Chase $55,625.94 in payments through June 2012; that upon the dismissal of their bankruptcy proceeding they resumed their efforts to "finalize a loan workout alternative plan," and that Chase has, despite their ongoing efforts to obtain a loan modification, "continued its efforts to accelerate their loan and initiate [a] foreclosure proceeding with a notice of sale set for April 2, 2013." Andersons' Pleading at 3-5 (Document No. 1-1) at 73-75. The Andersons asserted claims against Chase for: (1) improper notice of default and sale under § 51.002 of the Texas Property Code; (2) failure to provide information about the change in mortgage servicer, in violation of § 158.101 of the Texas Finance Code; (3) breach of contract, based on Chase's failure to provide them with the disclosures required by RESPA, and its failure to forego foreclosure while they were seeking a loan modification; (4) wrongful foreclosure; and (5) negligence/negligent misrepresentation.

Chase timely removed the case to this Court on the basis of diversity, and promptly filed a Motion to Dismiss, arguing that the Andersons have not stated a claim for which relief may be granted. The Andersons have filed a Response, to which Chase has filed a Reply. In connection with their Response to the Motion to Dismiss, the Andersons appear to raise with their briefing an additional breach of contract claim – that the payments they made on their loan through June 2012, were not credited to their account.

## II. Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

## III. Discussion – Plaintiff's Claims[1]

### A. Improper Notice Claim under § 51.002 of the Texas Property Code

In their first claim, the Andersons allege that Chase "violated the statutory requirements under the Texas Property Code § 51.002(d)" when it sent them "simultaneously" both a notice of default and a notice of sale. Andersons' Pleading at 5-6 (Document No. 1-1 at 75-76). According to the Andersons, "[a] mortgage servicer must comply with all provisions of § 51.002 of the Texas Property Code in order for a valid right to foreclose to arise" including that part which "provides that notice of default has a 20-day notice period separate and independent of the 21-day notice period required for notice of sale." Andersons' Pleading at 6 (Document No. 1-1 at 76).

The Texas Property Code imposes certain notice requirements prior to a foreclosure sale. As is relevant to this case and the Andersons' allegations, § 51.002(b) provides that "notice of the sale . . . must be given at least 21 days before the date of the sale," and § 51.002(d) provides that "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b)." Under § 51.002 notice of default and notice of sale are not to be provided simultaneously. However, to maintain a claim under § 51.002 of the Texas Property Code based on insufficient or improper notice there must be a sale of the property. *Landry v. Wells Fargo Home Mortg., Inc.*, No. EP-13-CV-144-KC, 2013 WL 5278497 *3 (W.D. Tex. Sept. 18, 2013) ("Because these provisions [§ 51.002 of the Texas

---

[1] Chase with its Motion to Dismiss, seeks dismissal of all Plaintiffs' claims, including Plaintiffs' claim for injunctive relief. Plaintiffs, however, have not alleged a separate and independent claim for injunctive relief, and instead seek to prevent Chase from foreclosing on the property as one of the remedies available to them on the substantive claims they have asserted.

Property Code] set notice requirements based on the date of sale, a plaintiff can only bring a cause of action under either provision if she alleges that a sale has occurred."); *Ayers v. Aurora Loan Services, LLC*, 787 F.Supp.2d 451, 454 (E.D. Tex. 2011) (dismissing claim for violations of § 51.002 of the Texas Property Code for failure to state a claim where "no foreclosure sale ha[d] occurred"). Here, there has admittedly been no sale of the property made the basis of this suit. As such, the Andersons have not and cannot state a claim for violations of § 51.002 of the Texas Property Code, *e.g., Crucci v. Seterus, Inc.*, No. EP-13-CV-317-KC, 2013 WL 6146040 *3 (W.D. Tex. Nov. 21, 2013) (dismissing claim for violation of § 51.002 of the Texas Property Code where foreclosure sale had not occurred), and that claim is subject to dismissal under Rule 12(b)(6).

**B. Disclosure Claim under § 158.101 of the Texas Finance Code**

In their second claim, the Andersons allege that Chase failed to provide them the notice required by § 158.101 of the Texas Finance Code of its status as their mortgage service. According to the Andersons, Chase "violated Section 158.101 of the Texas Finance Code, Residential Mortgage Loan Servicer Registration Act, [by] failing to provide a disclosure statement to Plaintiffs no later than 30 days after the mortgage servicer commences servicing the loan." Andersons' Pleading at 7 (Document No. 1-1 at 77). The Andersons further allege that they "never received the aforementioned disclosure notice when Defendant Chase assumed the mortgage servicer role from 'MERS' as is required under the Texas Finance Code and Administrative Code." *Id.* at 8 (Document No. 1-1 at 78).

Section 158.101 of the Texas Finance Code provides that "[a] registrant shall provide to the borrower of each residential mortgage loan the following notice not later than the 30th day after the registrant commences servicing the loan:

> COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, ________________________________ (street address of the Department of Savings and Mortgage Lending). A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT _______________ (telephone number of the Department of Savings and Mortgage Lending's toll-free consumer hotline).

Section 158.101 of the Texas Finance Code was enacted in 2011, and has an effective date of September 1, 2011. Based on the Andersons' own allegations, Chase began servicing their mortgage sometime "between 2007 and January 2008," well before the effective date of § 158.101 of the Texas Finance Code. The Andersons, therefore, cannot state a claim against Chase for violations of § 158.101 of the Finance Code because that provision did not exist at the time Chase became the mortgage servicer. In addition, the Andersons cannot state a claim under § 158.101 of the Texas Finance Code because that statute does not provide mortgagors, such as the Andersons, with a private cause of action. *See Thomas v. Ocwen Loan Servicing, LLC*, No. H:12-3497, 2013 WL 3245953 *2 (S.D. Tex. June 25, 2013) (finding no private cause of action for violations of section 158.101 of the Texas Finance Code or 79.2 of the Texas Administrative Code). The Andersons' claim under § 158.101 of the Texas Finance Code is therefore subject to dismissal under Rule 12(b)(6).

**C. Breach of Contract Claim**

In their third claim, the Andersons allege that the actions of Chase "are in direct contravention of the above referenced mortgage note and Deed of Trust . . . in that it owned [sic] her the obligation of providing a disclosure statement, information about servicing procedures, transfer practices, and complaint resolution under RESPA, § 3500.21, 24 CFR § 3500.21, which applies to all mortgage servicer contracts." Andersons' Pleading at 8 (Document No. 1-1 at 78). The

Andersons further allege that "Defendant Chase as a Mortgage servicer must disclose to borrowers a contract for complaints about the service of their mortgage. RESPA, § 3500.21, provides an exhaustive list of requirements mortgage servicers must meet in its activities of servicing a loan. These requirements are incorporated in the Deed of Trust and Note as federal law." *Id.* at 8-9 (Document No. 1-1 at 78-79). Finally, the Andersons allege that Chase "breached its obligations to the Plaintiff[s] by not adhering to the terms of their contract to stop all debt collection efforts during foreclosure until all of the Plaintiff's disputes challenging the debt (e.g. servicing of Plaintiff's complaints in the review and processing of their loan modification application) have been resolved and/or addressed by Defendant." *Id.* at 9 (Document No. 1-1 at 79).

In its Motion to Dismiss, Chase argues that the Andersons have not asserted a plausible breach of contract claim, and are instead attempting to bring an untimely RESPA claim "under the guise of a breach-of-contract claim." Motion to Dismiss (Document No. 4) at 6. The Fifth Circuit's decision in *Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x 861, 864 (5th Cir. 2013), supports that argument. In *Smith*, the Fifth Circuit made it clear that a breach of contract claim cannot be based on alleged violations of the Real Estate Settlement Procedures Act ("RESPA") unless the contract specifically incorporates RESPA. Here, while the Andersons allege that RESPA was incorporated into note and deed of trust "as federal law," the Fifth Circuit in *Smith* concluded that general references in the note or deed of trust to "federal law" are insufficient to incorporate RESPA for purposes of a breach of contract claim. *Id.* Therefore, the Andersons have not stated a plausible breach of contract claim premised on violations of RESPA.

With regard to the other aspect of the Anderson's breach of contract claim – that Chase breached the contract by pursuing foreclosure while they had a request for a loan modification

pending – the Andersons have not alleged *any* facts that would support such a breach of contract claim. In particular, the Andersons have not alleged, or pointed to anything in either the note or the deed of trust that *required* Chase to forego foreclosure proceedings while a request for a loan modification was pending. To state a claim for breach of contract under Texas law, a plaintiff must allege "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *American General Life Ins. Co. v. Kirsch*, 378 F. App'x 379, 383 (5th Cir. 2010); *see also Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W. 3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Here, the Andersons have not alleged any facts in support of an essential element of a breach of contract claim – that Chase breached a specific provision of the contract; all they allege are legal conclusions, which, under *Twombly*, cannot be credited.

In addition, with respect to the argument the Andersons raise in response to Chase's Motion to Dismiss – that Chase breached the contract by not applying the payments they made on their mortgage while in a bankruptcy proceeding – there are no allegations in the Andersons' Pleading that raise such a claim. *See Cevallos v. Silva*, No. 13-50278, ___ F. App'x ___, 2013 WL 5340769 *3 (5th Cir. Sept. 25, 2013) (regardless of the allegations in a response to a Rule 12(b)(6) motion to dismiss, "the complaint must contain either direct allegations on every material point necessary to sustain recovery or contain allegations from which an inference may be fairly drawn that evidence will be introduced at trial"); *see also Horton v. M&T Bank*, No. 4:13-CV-525-A, 2013 WL 6172145 *7 (N.D. Tex. Nov. 22, 2013) ("Plaintiffs cannot amend their complaint by allegations raised in response to a motion to dismiss"). Moreover, as was represented by Plaintiffs' counsel at the Rule 16 Scheduling Conference held on September 11, 2013, that claim was "flushed out" with

Defendant's counsel prior to the Scheduling Conference. Counsel's statement on the record at the Rule 16 Scheduling Conference constitutes a judicial admission, *Laird v. Air Carrier Engine Service, Inc.*, 263 F.2d 948, 953 (5th Cir. 1959) (statements or agreements by an attorney in open court, "which dispense with proof of facts are made with respect to the impending trial and until withdrawn are not merely evidence as in the case of an ordinary admission. They are absolutely binding."), which defeats any breach of contract claim by the Andersons premised on Chase's failure to properly apply the payments the Andersons made while in bankruptcy.

Finally, to the extent the Andersons have attempted to assert a RESPA claim, separate and apart from a breach of contract claim, such a RESPA claim also fails for lack of plausibility. RESPA requires lenders to provide mortgage applicants with certain disclosure relating to the possible assignment, sale or transfer of the mortgage servicing responsibilities, 12 U.S.C. § 2605(a), requires mortgage loan servicers to notify "the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person," 12 U.S.C. § 2605(b), requires transferee mortgage servicers "to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred" to "notify the borrower of any such assignment," 12 U.S.C. § 2605(c), and requires mortgage servicers to provide written responses to qualified written requests from the borrower related to the servicing of the loan, 12 U.S.C. § 2605(e). RESPA claims under § 2605 are subject to a three year statute of limitations, with the limitations period running from the date of the alleged violation. 12 U.S.C. § 2614.

Here, the Andersons seem to allege that Chase violated RESPA by not providing them with the disclosures they were due. But, the Andersons themselves allege that they obtained their mortgage in 2006, from Kingston Mortgage, and that the note was transferred to Chase between 2007

and January 2008, at which time Chase became the mortgage servicer. Based on the Andersons' own allegations, it is these two dates that triggered the disclosures required by RESPA, and began the three year statute of limitations on any related RESPA claim. That three year limitations period ran, at the latest, in January 2011, well over two years before this case was filed. As such, any RESPA claim related to the required mortgage servicer disclosures is time-barred.

With respect to the Andersons' arguments in response to Chase's Motion to Dismiss that the alleged RESPA violations are based on Chase's failure "to respond to their loan modification application within a reasonable time," *see* Response (Document No. 5 at 10), again no such allegations are contained in the Andersons' Pleading. Moreover, the Andersons' requests for a loan modification are not, and cannot be, considered a qualified written request for information about the loan servicing within the meaning of RESPA. *See* 12 U.S.C. § 2605(e)(1)(B) ("a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that – (I) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."); *see also Hill v. Wells Fargo Bank, N.A.*, No. V-12-11, 2012 WL 2065377 *6 (S.D. Tex. June 6, 2012) ("Because Hill's 'written applications for a loan modification, including a hardship affidavit, and written submissions of financial information' did not dispute or seek information from Wells Fargo about how her loan was being serviced, these correspondences do not constitute QWRs under RESPA."); *Shatteen v. JPMorgan Chase Bank, N.A.*, No. 4:10-cv-107, 2010 WL 4342073 *8 (E.D. Tex. Sept. 30, 2010) ("A loan modification request does not dispute or request information about how a loan is being

serviced.. . . Therefore, Plaintiff's written communications did not constitute a QWR."), *report and recommendation adopted*, 2010 WL 4342082 (E.D. Tex. Nov. 2, 2010). As such, even if the Andersons had alleged in their Pleading a RESPA claim based on their requests for a loan modification and/or any information related thereto, such allegations would not support a plausible claim under RESPA.

In all, the Andersons have not alleged a plausible breach of contract claim or a plausible RESPA claim and such claims are subject to dismissal pursuant to Rule 12(b)(6).

**D. Wrongful Foreclosure Claim**

In their fourth claim, the Andersons allege that Chase, by sending notices of default and sale simultaneously, violated § 51.002(d) of the Texas Property Code, and that such conduct constituted a wrongful foreclosure. Andersons' Pleading at 10-11 (Document No. 1-1 at 80-81).

In Texas, to prevail on a claim of wrongful foreclosure a plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.–Corpus Christi 2008); *see also Sotelo v. Interstate Financial Corp.*, 224 S.W.3d 517, 523 (Tex. App.–El Paso 2007) ("The elements of wrongful foreclosure are (1) an irregularity at the sale; and (2) the irregularity contributed to an inadequate price."); *Pollett v. Aurora Loan Services*, 455 F. App'x 413, 415, 2011 WL 6412051 at *1 (5th Cir. 2011) (the elements of wrongful foreclosure are that the Plaintiff's "home sold for a grossly inadequate selling price and [ ] a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price.").

Here, there are no facts in the Andersons' Pleading that fall within any of the elements required for a wrongful foreclosure claim. Moreover, as is reflected in the Andersons' allegations as well as the documents from the state court proceeding prior to removal, there has been no foreclosure sale. Given the absence of a foreclosure sale, and the fact that Texas law does not recognize a cause of action for attempted foreclosure, *Filgueira v. U.S. Bank Nat'l Ass'n*, No. 4:12-cv-00962, 2013 WL 127559 *3 (S.D. Tex. Jan. 9, 2013), *aff'd*, 734 F.3d 420 (5th Cir. 2013), the Andersons have not and cannot state a claim for claim for wrongful foreclosure. In addition, to the extent the Andersons are predicating their wrongful foreclosure claim on improper notice under § 51.002 of the Texas Property Code, such a claim has been addressed above, and fails for the reasons stated therein.

**E. Negligence Claim**

In their fifth claim, the Andersons allege that Chase "had a duty to Plaintiff to accurately communicate the correct status of Plaintiff's modification application," and that Chase "failed to use reasonable care in communicating the correct status of Plaintiff's modification application by failing to provide correct information regarding Plaintiff's modification status in a timely manner, such that Plaintiff could have avoided foreclosure if not for Defendant's delay." Andersons' Pleading at 12 (Document No. 1-1 at 82).

To state a claim for negligence under Texas law a plaintiff must allege "'a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach.'" *Nabors Drilling, U.S.A ., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (quoting *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)). Similarly, a negligent misrepresentation claim under Texas law requires allegations and proof that: "(1) the representation is made by a defendant in the

course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

Here, the Andersons' negligence claim is premised on Chase's failure to provide "correct information" about the status of the Andersons' loan modification request, but the Andersons do not allege what information they were provided by Chase, and do not allege what information was incorrect. Instead, all they allege are broad, generalized conclusions that incorrect information was provided to them about their loan modification request. Under *Twombly*, when such conclusions are excluded, the Andersons have not stated a plausible claim for negligent misrepresentation. The Andersons have also not stated a plausible claim for negligent misrepresentation because the damage they allege – the posting of their residence for foreclosure, the clouding of the title, the damage to their credit reputation and credit worthiness– are all consequences of their admitted default on the Note. *See Carrillo v. Bank of America, N.A.*, No. H-12-3096, 2013 WL 1558320 *5-6 (S.D. Tex. Apr. 11, 2013) (plaintiff's loss of her property to foreclosure was "due to her default of her loan payment obligations and was not an injury resulting from her reliance on the alleged misrepresentation" as to the status of her loan modification application). The Andersons have therefore not alleged a plausible negligence/negligent misrepresentation claim against Chase within the meaning of *Twombly*.[2]

---

[2] Chase argues in its Motion to Dismiss that the Anderson's negligence/negligent misrepresentation claim is barred by the economic loss rule: "The economic loss rule precludes recovery of economic losses in negligence cases when the loss is the subject matter of a contract between the parties." Motion to Dismiss (Document No. 4) at 8. Chase's argument, however,

## IV. Discussion – Amendment

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, other than the Anderson's negligent misrepresentation claim, the facts alleged by the Andersons in their Pleading defeat their claims for improper notice under § 51.002 of the Texas Property Code, improper disclosures under § 158.101 of the Texas Finance Code, breach of contract, violations of RESPA, and wrongful foreclosure. At this stage, no amendment could cure the deficiencies associated with those claims, as they have been identified herein. However, the Andersons may be able to cure the pleading deficiencies in their negligent misrepresentation claim through amendment. *See e.g. Carrillo*, 2013 WL 1558320 at *6 (allowing amendment of negligent misrepresentation claim premised on alleged misrepresentations that defendant was considering plaintiff for a modification application when it was not). As such, leave to amend should be allowed as to the negligent misrepresentation claim, but denied as to the Andersons' other claims.

---

ignores the fact that the negligent misrepresentation claim is based on Chase's failure to provide "correct information" about the Anderson's loan modification request and is therefore not tied directly to the terms of the Note and/or Deed of Trust. Chase's argument also ignores those cases in which District Courts in Texas have rejected the application of the economic loss rule on similar facts in ruling on Rule 12(b)(6) motions to dismiss. *See Auriti v. Wells Fargo Bank, N.A.*, No. 3:12-CV-334, 2013 WL 2417832 *6 (S.D. Tex. June 3, 2013); *Levels v. Merlino*, No. 3:11-cv-3434-M-BN, ___ F.Supp.2d ___, 2013 WL 4733993 * 18 (N.D. Tex. Sept. 3, 2013); *Jackson v. Wells Fargo Bank, N.A.*, No. 4:12CV524-RAS-DDB, 2013 WL 4414862 *8 (E.D. Tex. Aug. 14, 2013).

## V. Conclusion and Recommendation

Based on the foregoing, the determination that Plaintiffs have not stated a plausible claim against Defendant Chase based on the allegations in their Pleading, and the conclusion that Plaintiffs should be given an opportunity to amend their negligent misrepresentation claim only, the Magistrate Judge

RECOMMENDS that Defendant JP Morgan Chase's Motion to Dismiss for Failure to State a Claim (Document No. 4) be GRANTED and that Plaintiffs' claims be DISMISSED pursuant to Rule 12(b)(6) for failure to state a claim, but that Plaintiffs be allowed to file an amended complaint to attempt to state a plausible claim for negligent misrepresentation.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this _11th day of December, 2013.

Frances H. Stacy
United States Magistrate Judge